WILLIAMSON, J.,
This matter comes before the court on defendant’s pro se “amended petition for habeas corpus” filed April 6, 2015. We note that the defendant has filed numerous petitions for habeas corpus, made previous requests for reconsideration, and now files this petition which appears, in part, to seek the same relief as prior petitions. We note that while the defendant continues to assert essentially the same thing, namely that he was *234 not subject to the additional registration requirements of Megan’s Law IV, effective December 20, 2012, for alleged violations thereof in 2013, it is necessary to set forth in full our interpretation of the statute. We also note the defendant’s other contention in this petition, that his prior conviction is not an element of the offense charged under 18 Pa C.S.A. §4915.1. We will again address these issues in an effort to move the matters along.
BACKGROUND
The defendant was charged with three (3) counts of failing to properly register pursuant to the requirements of 18 Pa. C. S. A. § 4915.1. The duty to register arises out of the defendant’s conviction in 1998 for certain sexual offenses. The defendant was sentenced and served his full sentence, gaining release in 2008. Upon his release, the defendant was subject to registration requirements of Megan’s Law as a sexual offender. On December 20, 2012, Act 91 of 2012 took effect, and was known as Megan’s Law IV. (42 Pa. C.S.A. §9799.10 et. seq.). This act provided additional registration requirements for sexual offenders. At the time, the defendant was no longer serving a sentence, and he was not on parole or probation for any offenses. The defendant was still required to register as a sex offender under prior versions of Megan’s Law, and he had not yet completed the time period in which he was required to register as such. In 2013, he allegedly failed to register vehicles, required under Megan’s Law IV, Act 91 of 2012, effective on December 20, 2012.
The defendant was initially represented by counsel who filed timely omnibus motions. The defendant then discharged counsel and chose to proceed pro se in this matter in January 2014. The defendant has filed various motions and petitions challenging the legal sufficiency of the Commonwealth’s charges since the time he started to *235 proceed pro se. Many of these motions and petitions were filed after the time allowed by law, and any extensions granted by this court. Furthermore, all of defendant’s motions and petitions have been interlocutory by nature. In some instances, the defendant requested permission to appeal an interlocutory order, which were denied by this court. The defendant has also sought permission of the Superior Court to appeal interlocutory orders, which have been denied.
Trial on the ultimate issues in this case has been delayed due to defendant’s filings, many of which were duplicative and already decided by this court. Several of the motions and petitions appear to be similar restatements of the same issues. While the defendant has an absolute right to file motions and petitions, they must conform to the Rules of Criminal Procedure, Statutes of this Commonwealth, and not be duplicative of prior ones. Therefore, in an attempt to bring finality to the pre-trial issues raised by the defendant in this case, we will issue the following discussion and order. We will treat defendant’s instant petition as a new petition and as a request for reconsideration of our order of March 27, 2015.
DISCUSSION
In defendant’s amended petition for habeas corpus, the defendant essentially raises the following three (3) issues:
1. SORNA (Megan’s Law IV) of 42 Pa. C.S.A. § 9799.10 et seq. effective December 20, 2012 by Act 91 of 2012 does not apply to the defendant, and therefore, no requirement that he register vehicles for which he has been charged;
2. SORNA (Megan’s Law IV) § 9799.13 (3) as amended by Act 19 of 2014 effective March 14, 2014 does not apply to the defendant as the alleged date of his *236 violations were in 2013 and pre-date the amendment to 42 Pa. C.S.A. § 9799.13 (3).
3. Defendant’s prior conviction is not an element of 18 Pa. C.S.A. § 4915.1, for which the defendant has been charged.
We will address the defendant’s issues even though they appear to have been addressed previously by this court, as the defendant has raised additional arguments; and/or slightly different issues. We have addressed the application of SORNA, or Megan’s Law IV, effective December 20,2012 on the defendant in our prior opinions and orders dated March 16,2015 and March 27,2015. We incorporate those opinions herein as though set forth at length in this opinion and order. The defendant continues to assert in his amended petition for habeas corpus relief, that the new requirements of Megan’s Law IV effective on December 20, 2012 only apply to individuals still serving a sentence or on parole or probation on December 20, 2012 as a result of a conviction as a sexual offender. The defendant cites 42 Pa. C.S.A. § 9799.13 (2) of Act 91 of 2012 in support thereof. The defendant then states that such an application is consistent with prior case law applying Megan’s Law requirements retroactively only to defendants who remain in custody, or serving any portion of their original sentence.
As we addressed in our opinions and orders of March 16, 2015 and March 27,2015, the cases cited by the defendant were decided based upon the language of Megan’s Law II. Here, the issue is the language of Megan’s Law IV of Act 91 of 2012, which was in effect at the time of the defendant’s alleged conduct in 2013. Our reasoning that Megan’s Law IV, (specifically Act 91 of 2012) applies to the defendant was set forth at length in an opinion and order of March 27, 2015. We also set forth therein the *237 reason for our initial misapplication of the amendment to Megan’s Law IV enacted March 14, 2014 by Act 19 of 2014, that specifically revised 42 Pa. C.S.A. § 9799.13 (3). We still find the language of 42 Pa. C.S.A. §9799.13 (3), as it was written under Act 91 of 2012, effective December 20, 2012, to require application of Megan’s Law IV registration requirements on the defendant, for the reasons set forth in our opinion and order of March 27, 2015.
The defendant now raises the issue that the purpose set forth in Megan’s Law IV under 42 Pa. C.S.A. § 9799.10 (4) (Act 91 of 2012) shows that the new amendments of December 20, 2012 were not meant to apply to the defendant. The defendant then argues the wording of § 9799.10 (4) is consistent with Commonwealth v. Richardson, 784 A.2d 126 (Pa. Super. 2001) and other cases cited by the defendant, even though Richardson, and the other cases dealt with language in Megan’s Law I and II. However, the issue here is the language of Megan’s Law IV pursuant to Act 91 of 2012, effective December 20, 2012.
We find the following language supports application of the registration requirements of Megan’s Law IV to the defendant. First, 42 Pa. C.S.A. § 9799.10, “purposes of subchapter,” effective December 20, 2012, states in part as follows:
“(1) To bring the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006...
(2) To require individuals convicted or adjudicated delinquent of certain sexual offenses to register with the Pennsylvania State Police and to otherwise comply with this subchapter if those individuals reside within *238 this Commonwealth...
(3)...
(4) To require individuals who are currently subject to the criminal justice system of this Commonwealth as inmates, supervised with respect to probation or parole or registrants under this subchapter to register with the Pennsylvania State Police and to otherwise comply with this subchapter.” (emphasis added)
42 Pa. C.S.A. § 9799.10.
In addition to the stated purpose to conform with the Federal “Adam Walsh Act,” the purpose includes registering those individuals convicted of certain sexual offenses under paragraph (2), and “registrants under this subchapter” under paragraph (4). The defendant is someone who was “convicted” of certain sexual offenses as defined under paragraph (2). The language therein does not state it was someone previously convicted, or convicted after the effective date of the statute. Rather, it just states “convicted,” which applies to the defendant. Paragraph (2) then goes on to require that those individuals “convicted” must register and “otherwise comply with this subchapter.” The defendant would also appear to be a “registrant.” The defendant argues that § 9799.10 (4) only applies to those currently subject to the criminal justice system. However, that ignores the sentence structure with a comma (,) after “inmates” and the word “or” prior to “registrants.” The sentence break and “or” implies three different classifications: an inmate; or individual supervised on probation or parole; and a “registrant.” A “registrant” is further defined as “one who registers” according to Black’s Law Dictionary, 6th ed. The defendant was someone who registers as of December 20, 2012.
We find further support for intended application of *239 Megan’s Law IV (Act 91 of 2012) to the defendant under 42 Pa. C.S.A. §9799.11, “legislative findings and declaration of policy”:
“(a) (1)...
(2) This Commonwealth’s laws regarding registration of sexual offenders need to be strengthened.
(3)...
(b) Declaration of policy. The general assembly declares as follows:
(1) It is the intention of the general assembly to substantially comply with the Adam Walsh Child Protection and Safety Act of 2006.” et seq.
42 Pa. C.S.A. §9799.11.
Furthermore, unlike the enabling legislation in Megan’s Law II (Act 18 of 2000), there is no specific language as to application of Megan’s Law IV (Act 91 of 2012) other than in § 9799.13. In Megan’s Law II, at § 5, the act stated “[t]he reenactment and amendments of 42 Pa. C.S.A. ch. 97 subch. H shall apply to individuals incarcerated or convicted on or after the effective date of this act.” See 42 Pa. C.S.A. ch. 97 §5 (Act 18 of 2001). However, Megan’s Law IV (Act 91 of 2012) addresses applicability in § 9799.13, which includes various reasons for application of the act to an individual. This includes a separate listing of the following:
“(1) An individual who, on or after the effective date of this section, is convicted of...
(1.1)...
(1.2)...
*240 (2) An individual who, on or after the effective date of this section, is ... an inmate..., is being supervised by the Pennsylvania Board of Probation or Parole or county probation or
parole, is subject to a sentence of intermediate punishment or has supervision transferred ...
(2.1) An individual who, on or after the effective date of this section, is ... an inmate in a Federal Correctional Institute...
(3) An individual who is required to register or was required to register and failed to register with the Pennsylvania State Police under this subchapter prior to the effective date of this section and who has not fulfilled the period of registration as of the effective date of this section.” (emphasis added)
42 Pa. C.S.A. §9799.13 (Act 91 of 2012 effective December 20, 2012).
The defendant argues that Megan’s Law IV only applies to those still serving a sentence or on probation or parole. He cites § 9799.13 (2). However, the sections cited above clearly show that the scenario the defendant argues is only one type of individual to which the act now applies. It also applies to those on federal probation, those in a federal institution, and those required to register prior to the effective date of this act (this last reason applying to the defendant). The defendant argues that the language of § 9799.13 (3) reads differently than as interpreted by this court, and instead, only applies to those who failed to register, and not to both those already required to register who have been registering, and those individuals required to register, but failed to do so. We find the legislature meant to require both types of individuals to be applicable *241 under Megan’s Law IV (Act 91 of 2012) by this language.
The defendant next argues that the amendment effective March 14, 2014 (Act 19 of 2014) as to 42 Pa. C.S.A. § 9799.13 (3) was in response to Megan’s Law III (Act 152 of 2004) being vacated by the Pennsylvania Supreme Court in Commonwealth v. Neiman, 84 A.3d 603 (Pa. Super. 2013). However, as we have set forth in prior opinions, the defendant does not cite the actual holding, and reason therefore, of the case he cites. In Neiman, the Supreme Court was faced with whether Act 152 of 2004 violated the “single subject” rule of Article III, Section 3 of the Pennsylvania Constitution. In other words, the court addressed whether or not other judicial code amendments than just Megan’s Law amendments could be made in the same act. The Pennsylvania Supreme Court ultimately found that the act, which addressed more than one subject under the Judicial Code, was violative of the Pennsylvania Constitution because it did not relate to a single unifying subject. It included more than just Megan’s Law amendments, and that was what was unconstitutional. The court further found that the Megan’s Law Amendments of Act 152 could not stand on their own as a result of the other non-Megan’s Law amendments, so the entire act was struck by the court. In any event, the legislature adopted Megan’s Law IV effective December 20, 2012. Therefore, the Neiman case had nothing to do with the legislature amending 42 Pa. C.S.A. § 9799.13 (3) on March 14, 2014 by Act 19 of 2014.
The defendant’s second argument is that SORNA (Megan’s Law IV) as amended March 14, 2014 does not apply to him. This is the amendment specifically to 42 Pa. C.S.A. § 9799.13 (3). We agree, and specifically addressed this in our opinion and order filed March 27, 2015 on defendant’s motion for reconsideration. Furthermore, we *242 explained in that opinion and order the mistake we made in our opinion and order of March 16,2015. The defendant goes on to argue that it was not a mistake and is further evidence of this court advocating for the Commonwealth. The defendant is correct that the Commonwealth also misstated the application of the March 14,2014 amendment of 42 Pa. C.S.A. § 9799.13 (3) as to the defendant in their brief. Quite frankly, this court read the language that appears in the most current copy of Purdon’s Pennsylvania Statutes and Consolidated Statutes Annotated in initially referencing the Act 19 of 2014 language for 42 Pa. C.S.A. § 9799.13 (3) as applying to the defendant. We failed to note the effective date language at the end of the text of the statute that noted paragraph 3 was amended March 14, 2014, and thus, believing it was part of the original text of § 9799.13 enacted by Act 91 of 2012. That is how this court mistakenly applied the March 14, 2014 amendment in our order of March 15,2015. However, whether or not a court relies on the law cited by one party or the other, does not mean they are “advocating” for a particular party. In any case, this issue was resolved in our order of March 27, 2015, when we reviewed application of the proper version of Megan’s Law IV as to the defendant.
Finally, the defendant states his prior conviction is not an element of 18 Pa. C.S.A. §4915.1 for which he is charged. We note the defendant has raised this issue in an appeal already taken to the Superior Court in 3120 EDA 2014. We note the defendant raised the same issue in his brief to the Superior Court, namely whether or not §4915.1 requires evidence of a prior conviction as an element of the offense. The defendant sought to have any evidence of his prior conviction, subjecting him to registration as a sexual offender, stricken at time of trial. The defendant argued the prior conviction was not an element of the offense charged, and therefore inadmissible.
*243 In his amended petition for habeas corpus relief, the defendant again requests such information be excluded at time of trial. The defendant still cites to Commonwealth v. Jemison, 98 A.3d 1254 (2014) as authority which this court previously addressed. As the matter is already on appeal, we need not address this issue again.
We recognize that all of the issues raised by the defendant in his amended petition for habeas corpus relief are interlocutory by nature. The issue concerning the admissibility of the defendant’s prior conviction subjecting him to registration is already on appeal with the Superior Court. As can be seen from the docket in this case, the defendant has filed several appeals to interlocutory orders. The defendant will, in all likelihood, wish to file an appeal to this interlocutory order, with or without permission of this court. As the defendant will state, he has a right to file a request to appeal an interlocutory order, even when permission is denied by this court. However, he has already appealed at least one issue that he is now requesting relief yet again from this court (admissibility of his prior conviction as an element of the offense for which he is currently charged); he has filed motions and petitions after deadlines set to do so expired; and, several of his motions/petitions contain matters similar to or the same as ones already decided by this court. Although all of the issues the defendant has requested be heard on appeal are issues properly preserved and raised only if and after convicted, he continues to request permission for an interlocutory appeal. Also, as the pleadings clearly indicate, the defendant believes the court is acting against him as evidenced by his references to the court “advocating” for the Commonwealth and interposing legal authority “sua sponte.” We believe the defendant is likely to continue filing motions and petitions, despite deadlines having expired, and appealing interlocutory *244 orders (rather than proceed to trial and preserving the issue on appeal only if convicted, which is the proper procedure for interlocutory appeals unless Rule 702(b) is met). Therefore, absent good cause shown, we will not entertain any additional omnibus pre-trial motions or petitions, including amended petitions.
However, we do note that defendant has raised issues with regard to the interpretation of language, and applicability, of 42 Pa. C.S.A. § 9799.13 (3) as it was worded pursuant to Act 91 of 2012 (effective December 20, 2012). This language directly effects whether or not the charges in this case may proceed against the defendant. If the defendant is not subject to Megan’s Law IV requirements, then the defendant cannot be convicted under 42 Pa. C.S.A. §9715.1 as charged in this case. There is no case law on this issue. We also note that the legislature amended language at § 9799.13 (3) by Act 19 of 2014 after this defendant’s arrest in 2013. Therefore, there may be an issue with regard to the interpretation of the language of 42 Pa. C.S.A. § 9799.13 (3). The pro se defendant has previously filed interlocutory appeals, when this court has denied permission to do so and is likely to continue doing so. The issue presented in this matter is one in which a final order would be within the jurisdiction of the appellate court after trial. There is a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal would materially advance the ultimate termination of this matter, either by dismissal of the charges, or to proceed to trial. We will deny the defendant’s motion, but will grant permission for the defendant to appeal this court’s decision with regard to applicability of Megan’s Law IV effective December 20, 2012 on the defendant. The defendant is advised that if he wishes to appeal, he must follow the proper procedures and time deadlines on appeal. The defendant is advised *245 to consult the Pennsylvania Rules of Procedure, including Chapter 13 of the Rules of Appellate Procedure. The case of Commonwealth v. McMurren, 945 A.2d 194 (Pa. Super. 2008) may provide the defendant with further guidance.
ORDER
And now, this 16th day of April, 2015, the defendant’s pro se amended petition for habeas corpus dated April 6, 2015 is hereby denied.
This court is of the opinion that this order involves a controlling question of law regarding the applicability under 42 Pa. C.S.A. § 9799.13 (3) (Megan’s Law IV-Act 91 of 2012 effective December 20, 2012) as to which there is a substantial ground for difference of opinion and that an immediate appeal from this order may materially advance the ultimate termination of the matter.
If the defendant wishes to appeal this order, he is advised to consult the Pennsylvania Rules of Appellate Procedure and file a petition for permission to appeal pursuant to Chapter 13 of the Appellate Rules of Procedure. Defendant should be aware of the deadline to file such an appeal.