J-S12023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN CORLISS, | |
| Appellant | No. 1690 EDA 2015 |

Appeal from the Order Entered April 16, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CP-0001748-2013

BEFORE:  MUNDY, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                     **FILED MARCH 09, 2016**

Appellant, Justin Corliss, appeals *pro se* by permission of the trial court from the interlocutory order entered on April 16, 2015,[1] dismissing his amended *habeas corpus* petition filed on April 6, 2015.  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> [… Appellant was] convict[ed] in 1998 for certain sexual offenses.  [Appellant] was sentenced and served his full sentence, gaining release in 2008.  Upon his release, [Appellant] was subject to registration requirements of Megan's Law as a sexual offender.  On December 20, 2012, Act 91 of 2012 took effect, and was known as Megan's Law

---

[1]  The trial court was "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter[.]" 42 Pa.C.S.A. § 702(b).

*Retired Senior Judge assigned to the Superior Court.

IV. 42 Pa.C.S.A. § 9799.10, *et seq.*[2] This Act provided additional registration requirements for sexual offenders. At the time, [Appellant] was no longer serving a sentence, and he was not on parole or probation for any offenses. [Appellant] was still required to register as a sex offender under prior versions of Megan's Law, and he had not yet completed the time period in which he was required to register as such. In 2013, he allegedly failed to register vehicles, required under [SORNA]. [Accordingly, the Commonwealth charged Appellant with three counts of failing to register properly pursuant to the requirements of 18 Pa.C.S.A. § 4915.1.]

[Appellant] was initially represented by counsel who filed timely omnibus motions. [Appellant] then discharged counsel and chose to proceed *pro se* in this matter in January 2014. [Appellant] has filed various motions and petitions challenging the legal sufficiency of the Commonwealth's charges since the time he started to proceed *pro se*. Many of these motions and petitions were filed after the time allowed by law, and any extensions granted by [the trial court]. Furthermore, all of [Appellant's] motions and petitions have been interlocutory by nature. In some instances, [Appellant] requested permission to appeal an interlocutory order, which were denied by [the trial court]. [Appellant] also sought permission of the Superior Court to appeal interlocutory orders, which have been denied.

Trial on the ultimate issues in this case has been delayed due to [Appellant's] filings, many of which were duplicative and already decided by [the trial court]. Several of the motions and petitions appear to be similar restatements of the same issues. While [Appellant] has an absolute right to file motions and petitions, they must conform with the Rules of Criminal Procedure, [s]tatutes of this Commonwealth and not be duplicative of prior ones. Therefore, in an attempt to

---

[2] This Act is commonly referred to as Pennsylvania's Sexual Offender Registration and Notification Act (SORNA). 42 Pa.C.S.A. §§ 9799.10-9799.41. For ease of discussion, we will refer to it as such throughout this memorandum.

bring finality to the pre-trial issues raised by [Appellant] in this case, [the trial court entered an order allowing an appeal to be taken by permission under 42 Pa.C.S.A. § 702(b) on April 16, 2015.]

Trial Court Opinion, 4/16/2015, at 1-2 (parenthetical omitted). This appeal resulted.[3]

Appellant presents the following issue for our review:

1. Whether 42 Pa.C.S.A. § 9799.10, *et seq*. (Act 2012-91), as amended, applied to Appellant on its effective date contrary to the dicta of **Commonwealth v. Richardson**, 784 A.2d 126 [(Pa. Super. 2001)], and its progeny, as application of the Statutory Construction Act provides that [Appellant] was not subject to SORNA.

   Subquestion:

   Whether 42 Pa.C.S.A. § 9799.13(3) (Act 2012-91) identified [Appellant] as one who must register under SORNA, as he had not previously "failed to register."

Appellant's Brief at 8 (complete capitalization omitted).

Appellant's challenge is two-fold. First, he claims SORNA does not apply to him under our rules of statutory construction. Next, Appellant argues it is unconstitutional to apply SORNA to him. We will examine each contention in turn.

Appellant contends that the provisions of SORNA are not applicable to him because he completed his term of incarceration and he was not on

---

[3] On May 12, 2015, Appellant filed a *pro se* petition for an interlocutory appeal by permission with this Court. On June 15, 2015, this Court entered a *per curiam* order treating the petition for permission to appeal as a notice of appeal under Pa.R.A.P 1316(a)(1).

probation or parole when the legislature enacted SORNA. *Id.* at 12-15. As such, Appellant argues that he was no longer subject to the criminal justice system since he was unconditionally released from prison. *Id.* at 14. Moreover, Appellant posits that he had not previously failed to register as a sex offender and was registered at the time SORNA was enacted. *Id.* at 14-15. Thus, Appellant claims the trial court wrongly construed SORNA to include him since it was intended only to apply to two types of individuals: those who failed to register and those who were required to register for the first time under SORNA.

In examining whether the reporting requirements of SORNA are applicable to Appellant, we adhere to the following standards:

> The principal objective of interpreting a statute is to effectuate the intention of the legislature and give effect to all of the provisions of the statute. In construing a statute to determine its meaning, courts must first determine whether the issue may be resolved by reference to the express language of the statute, which is to be read according to the plain meaning of the words. When analyzing particular words or phrases, we must construe them according to rules of grammar and according to their common and approved usage. Words of a statute are to be considered in their grammatical context. Furthermore, we may not add provisions that the General Assembly has omitted unless the phrase is necessary to the construction of the statute. A presumption also exists that the legislature placed every word, sentence and provision in the statute for some purpose and therefore courts must give effect to every word.

*Commonwealth v. Morris*, 958 A.2d 569, 578–579 (Pa. Super. 2008) (internal citations omitted). Moreover, "[c]ourts must read and evaluate

- 4 -

each section of a statute in the context of, and with reference to, the other sections of the statute, because there is a presumption that the legislature intended the entire statute to be operative and effective." ***Commonwealth v. Boyles***, 104 A.3d 591, 594 (Pa. Super. 2014).

SORNA, also referred to as Megan's Law IV, codified at 42 Pa.C.S.A. §§ 9799.10–9799.41, became effective on December 20, 2012. In this case, the trial court examined the various sections of SORNA and determined that, when read together, the registration requirements under Section 9799.13 specifically applied to Appellant. In particular, the trial court first looked at of Section 9799.10, which defined SORNA's purpose at the time, in pertinent part, as follows:

\* \* \*

(2) To require individuals convicted or adjudicated delinquent of certain sexual offenses to register with the Pennsylvania State Police and to otherwise comply with this subchapter if those individuals reside within this Commonwealth, intend to reside within this Commonwealth, attend an educational institution within this Commonwealth or are employed or conduct volunteer work within this Commonwealth.

\* \* \*

(4) To require individuals who are currently subject to the criminal justice system of this Commonwealth as inmates, supervised with respect to probation or parole or registrants under this subchapter to register with the Pennsylvania State Police and to otherwise comply with this subchapter. To the extent practicable and consistent with the requirements of the Adam Walsh Child Protection and Safety Act of 2006, this subchapter shall be construed to maintain existing procedures regarding registration of

sexual offenders who are subject to the criminal justice system of this Commonwealth.

42 Pa.C.S.A. § 9799.10 (effective December 20, 2012).

The trial court noted that Appellant had been "convicted" of a sexual offense, under subsection 2 above, and was "currently subject to the criminal justice system" as a "registrant[,]" under subsection 4. Trial Court Opinion, 4/16/2015, at 5-6. Notably, the trial court stressed that, in drafting Section 9799.10(4), the legislature referred specifically to inmates, probationers and parolees, "or" those sex offenders required to register. *Id.* at 6. The trial court determined that the legislature's use of the word "or" explicitly shows it intended SORNA to apply to all three classifications of individuals. *Id.* We agree. Our Supreme Court has held that the plain meaning of the term "'or' is disjunctive. It means one or the other of two or more alternatives." *In re Paulmier*, 937 A.2d 364, 373 (Pa. 2007). Thus, while SORNA applies to inmates, probationers, and parolees, it also extends to sex offender registrants subject to the criminal justice system.

Moreover, Section 9799.13 addresses the applicability of registration requirements. The version of Section 9799.13, in effect at the time of Appellant's failure to register his vehicles, stated:

### § 9799.13 Applicability

The following individuals shall register with the Pennsylvania State Police as provided in sections 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter:

\* \* \*

(3) An individual who is required to register or was required to register and failed to register with the Pennsylvania State Police under this subchapter prior to the effective date of this section and who has not fulfilled the period of registration as of the effective date of this section.

42 Pa.C.S.A. § 9799.13 (effective December 20, 2012).[4]  The trial court

rejected Appellant's contention that subsection 3 above, "only applied to

_____

[4] Effective March 14, 2014, the legislature amended this subchapter of SORNA following our Supreme Court's decision in **_Commonwealth v. Neiman_**, 84 A.3d 603 (Pa. 2013), which invalidated SORNA on grounds that enactment of the provision violated the single-subject rule of the Pennsylvania constitution.  The current text of Section 9799.13(3) reads as follows:

**§ 9799.13 Applicability**

The following individuals shall register with the Pennsylvania State Police as provided in sections 9799.15 (relating to period of registration), 9799.19 (relating to initial registration) and 9799.25 (relating to verification by sexual offenders and Pennsylvania State Police) and otherwise comply with the provisions of this subchapter:

\* \* \*

An individual who:

(i)      was required to register with the Pennsylvania State Police pursuant to this subchapter prior to December 20, 2012, and who had not fulfilled the individual's period of registration as of December 20, 2012; or

_(Footnote Continued Next Page)_

those who **failed** to register, and not to both those already required to register who have been registering [whose registration period had not ended], **and** those individuals required to register, but failed to do so." Trial Court Opinion, 4/16/2015, at 8. The trial court ultimately determined that the legislature meant to include both types of individuals by using the word "or." *Id.*

We agree with the trial court's conclusion that SORNA applies to Appellant. Again, our Supreme Court has held that the plain meaning of the term "or" means one or the other of two or more alternatives. *In re Paulmier*, 937 A.2d at 373. In addition, when read in conjunction with SORNA's statutory purpose, Section 9799.13(3), as applied to this matter, refers to both those who were previously required to register as a sex offender and those who were required to register, but did not.

Appellant's reading of Section 9799.13 essentially asserts that SORNA applies only to those who were required to register but failed to do so and those who were required to register under SORNA initially (as opposed to past registration under prior versions of Megan's Law). Such interpretation, however, makes little sense. Under Appellant's interpretation, SORNA

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

    (ii)     was required to register with the Pennsylvania State Police pursuant to this subchapter prior to December 20, 2012, and did not register.

42 Pa.C.S.A. 9799.13(3) (effective March 14, 2014).

effectively extinguished sex offender registration under prior versions of Megan's Law and SORNA would only apply to those required to register as sex offenders after the enactment date. If the statutory phrase "an individual who is required to register" refers only to those required to register under SORNA then the phrase "who have not completed their registration period" would be superfluous since none of these new registrants would have completed their requirements. "When there is an interpretation available that gives effect to all of the statute's phrases and does not lead to an absurd result, that interpretation must prevail." ***Commonwealth v. McCoy***, 962 A.2d 1160, 1168 (Pa. 2009). Section 9799.13 speaks generally to past or prior registrants and categorizes them in two separate groups: (1) those who were required to register (whose registration period had not ended) and, (2) those required to register, but who failed to do so.

Moreover, this Court has held that SORNA applies to prior registrants whose period of registry had not ended when the legislature enacted SORNA. In ***Commonwealth v. Pennybaker***, 121 A.3d 530 (Pa. Super. 2015), we determined:

> At the time of Pennybaker's conviction, the registration period for a defendant convicted of a sexual offense was governed by 42 Pa.C.S.A. § 9791, *et seq.,* commonly referred to as "Megan's Law." Under Megan's Law, a defendant convicted of rape was subject to a 10–year registration requirement. ***See*** 42 Pa.C.S.A. § 9793 (effective until December 20, 2012) (imposing a 10–year registration requirement for a defendant convicted of, *inter*

*alia,* rape). SORNA was enacted on December 20, 2011, and became effective on December 20, 2012. When it became effective, **SORNA applied to sexual offenders already required to register**. *See* 42 Pa.C.S.A. § 9799.10; *see also Commonwealth v. Giannantonio,* 114 A.3d 429, 431–32 (Pa. Super. 2015) (stating that the prior registration requirements of Megan's Law expired when SORNA became effective). Therefore, on the date SORNA became effective, Pennybaker became subject to the registration requirements imposed by SORNA. *See Giannantonio,* 114 A.3d at 431–432.

*Pennybaker*, 121 A.3d at 531 n.3 (emphasis supplied).[5]

Here, Appellant does not dispute that he was required to register as a sex offender prior to the effective date of Section 9799.13(3), December 20, 2012, and that he had not fulfilled the period of registration as of that date. Hence, the new registration requirements were applicable to him and Appellant is not entitled to relief. Our reading of SORNA is consistent with *Pennybaker* and the trial court's interpretation. Therefore, we conclude that SORNA applies to Appellant.

Next, Appellant claims the trial court erred by finding the application of SORNA was constitutional as applied to him. Appellant's main contention is that SORNA changes the legal consequences for conduct completed before its effective date (*i.e.*, as of Appellant's 1998 conviction, there was no requirement to register a vehicle). Appellant argues that at the time of his

_____

[5] We reject Appellant's reliance on *Commonwealth v. Rivera*, 10 A.3d 1276 (Pa. Super. 2010) and *Commonwealth v. Richardson*, 784 A.2d 126 (Pa. Super. 2001). Those cases involved prior versions of Megan's Law and, therefore, do not control a statutory construction decision made under SORNA. *Pennybaker* is on point and controlling.

conviction in 1998, he was not required to register his vehicles with the Commonwealth "under the law in effect at that time (Megan's Law I)" and "SORNA makes [the failure to register a vehicle] a felony offense." Appellant's Brief at 17. Thus, Appellant suggests SORNA is an *ex post facto* law. *Id.* Because Appellant argues that he was not subject to SORNA's reporting requirements, he contends the Commonwealth cannot charge him with failing to report his vehicles pursuant to 18 Pa.C.S.A. § 4915.1. *Id.* Separately, Appellant makes a passing assertion that SORNA violates the separation of powers doctrine. *Id.* at 16. Finally, Appellant contends that even if SORNA were applicable to him, his failure to register his vehicles was a *de minimus* infraction since such conduct does not threaten the harm that is sought to be prevented. *Id.* at 17-18.

"As with all questions of law, an appellate court's scope of review is plenary and its standard of review is limited to determining whether the trial court committed legal error." ***Commonwealth v. McDonough***, 96 A.3d 1067, 1070 (Pa. Super. 2014). We have previously determined that "the new registration regime pursuant to SORNA is constitutional under the Federal and State *Ex Post Facto* Clauses." ***Commonwealth v. Perez***, 97 A.3d 747, 760 (Pa. Super. 2014). The provisions of SORNA are non-punitive, collateral consequences. ***Id.*** at 759-760; ***see also Coppolino v. Noonan***, 102 A.3d 1254, 1279 (Pa. Cmwlth. 2014) (*en banc*), ***affirmed***, 125 A.3d 1196 (Pa. 2015) ("requirement[s] that registrants promptly update the [Pennsylvania State Police] with current information legitimately serves

[SORNA's] purpose of promoting public safety" and is "in accordance with the legislative intent of registering, monitoring, and disseminating information regarding sexual offenders."). Furthermore, SORNA does not change the legal consequences of Appellant's past conduct. Appellant's failure to register his vehicles occurred in 2013, not 1998. Accordingly, we reject Appellant's contention that registering his vehicles under SORNA violates the *ex post facto* doctrine.

Moreover, this Court has held, under Megan's Law II, "the separation of powers doctrine remains intact because the [Sexual Offender Assessment] Board dictates no specific conclusion to the judiciary." **See Commonwealth v. Howe**, 842 A.2d 436, 447 (Pa. Super. 2004), *citing* **Commonwealth v. Kopicz**, 840 A.2d 342 (Pa. Super. 2003) (Megan's Law II does not violate the separation of powers because the Sexual Offender's Assessment Board does not perform an adjudicative function) and **Commonwealth v. Rhoads**, 836 A.2d 159 (Megan's Law II constitutes substantive law and does not set forth rules governing court practice). Appellant has not cited any legal authority to suggest that SORNA's requirements are different from its predecessors; hence, we see no grounds for reaching another conclusion. In fact, Appellant cites no legal authority for this aspect of his claim. Accordingly, we could find this issue subject to waiver, as well. **See Commonwealth v. B.D.G**., 959 A.2d 362, 371-372 (Pa. Super. 2008) ("When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived."), *citing*

- 12 -

Pa.R.A.P. 2119(a). Having determined that SORNA is constitutional and does not violate the *ex post facto* doctrine or the separation of powers, we remand this matter for the trial court to proceed on the Commonwealth's charges for failing to comply with registration requirements, 18 Pa.C.S.A. § 4915.1.[6]

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/9/2016

_____

[6] We will not address Appellant's contention that failure to register his vehicles was a *de minimus* infraction under 18 Pa.C.S.A. § 4915.1. Appellant may present this defense at trial.