J-S12023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUSTIN CORLISS, | |
| Appellant | No. 1690 EDA 2015 |

Appeal from the Order April 16, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001748-2013

BEFORE:  MUNDY, J., OLSON, J. AND STRASSBURGER,* J.

MEMORANDUM BY OLSON, J.:                              **FILED MAY 18, 2018**

Appellant, Justin Corliss, is once again before us pursuant to the Pennsylvania Supreme Court's order entered on February 23, 2018, which vacated our March 9, 2016 disposition and remanded for our reconsideration in light of its decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017).  After considering ***Muniz***, we vacate the trial court's order entered on April 16, 2015 and discharge Appellant for failing to comply with registration requirements pursuant to 18 Pa.C.S.A. § 4915.1.

The trial court summarized the facts and procedural history of this case as follows:

> [… Appellant was] convict[ed] in 1998 for certain sexual offenses.  [Appellant] was sentenced and served his full sentence, gaining release in 2008.  Upon his release, [Appellant] was subject to registration requirements of Megan's Law as a sexual offender.  On December 20, 2012, Act 91 of 2012 took effect, and was known as Megan's Law

*Retired Senior Judge assigned to the Superior Court.

IV. 42 Pa.C.S.A. § 9799.10, *et seq*.[1] This Act provided additional registration requirements for sexual offenders. At the time, [Appellant] was no longer serving a sentence, and he was not on parole or probation for any offenses. [Appellant, however,] was still required to register as a sex offender under [a] prior version[] of Megan's Law, and he had not yet completed the time period in which he was required to register as such. In 2013, he allegedly failed to [report his vehicles to authorities, a newly-imposed registration requirement adopted under SORNA. Accordingly, the Commonwealth charged Appellant with three counts of failing to register properly pursuant to the requirements of 18 Pa.C.S.A. § 4915.1.]

[Appellant] was initially represented by counsel who filed timely omnibus motions. [Appellant thereafter] discharged counsel and chose to proceed *pro se* in this matter in January 2014.

\* \* \*

[I]n an attempt to bring finality to the pre-trial issues raised by [Appellant] in this case, [the trial court entered an order allowing an appeal to be taken by permission under 42 Pa.C.S.A. § 702(b) on April 16, 2015.]

Trial Court Opinion, 4/16/2015, at 1-2 (parenthetical omitted). This appeal

resulted.[2]

---

[1] This Act is commonly referred to as Pennsylvania's Sexual Offender Registration and Notification Act (SORNA). 42 Pa.C.S.A. §§ 9799.10- 9799.41. For ease of discussion, we will refer to it as such throughout this memorandum.

[2] On May 12, 2015, Appellant filed a *pro se* petition for an interlocutory appeal by permission with this Court. On June 15, 2015, this Court entered a *per curiam* order treating the petition for permission to appeal as a notice of appeal under Pa.R.A.P 1316(a)(1).

On March 9, 2016, in an unpublished memorandum, we affirmed the trial court's order dismissing a *habeas corpus* petition filed by Appellant. In our memorandum decision, we determined that SORNA was constitutional and did not violate the *ex post facto* doctrine. Accordingly, we sought to remand the matter for trial on the Commonwealth's charges for failing to comply with registration requirements under 18 Pa.C.S.A. § 4915.1. Thereafter, Appellant filed a petition for allowance of appeal with our Supreme Court. On February 23, 2018, the Pennsylvania Supreme Court granted Appellant relief, vacated our decision, and remanded the case for consideration of its July 2017 decision in **Muniz**. We determined that no further briefing or supplementation of the record was required under Pa.R.A.P. 2140. Thus, we will reconsider Appellant's previously presented issues in light of **Muniz**.

Appellant presents the following issue for our review:

1. Whether 42 Pa.C.S.A. § 9799.10, *et seq*. (Act 2012-91), as amended, applied to Appellant on its effective date contrary to the dicta of **Commonwealth v. Richardson**, 784 A.2d 126 [(Pa. Super. 2001)], and its progeny, as application of the Statutory Construction Act provides that [Appellant] was not subject to SORNA.

   Subquestion:

   Whether 42 Pa.C.S.A. § 9799.13(3) (Act 2012-91) identified [Appellant] as one who must register under SORNA, as he had not previously "failed to register."

Appellant's Brief at 8 (complete capitalization omitted).

Appellant claims that the trial court erred by finding the application of SORNA was constitutional as applied to him. Appellant's main contention is that SORNA changes the legal consequences for conduct completed before its effective date (*i.e.*, as of Appellant's 1998 conviction, there was no requirement to register a vehicle). Appellant argues that at the time of his conviction in 1998, he was not required to register his vehicles with the Commonwealth "under the law in effect at that time (Megan's Law I)" and "SORNA makes [the failure to register a vehicle] a felony offense." Appellant's Brief at 17. Thus, Appellant suggests SORNA is an unconstitutional, *ex post facto* law. **Id.** Because Appellant argues that he was not subject to SORNA's reporting requirements, he contends the Commonwealth cannot charge him with failing to report his vehicles pursuant to 18 Pa.C.S.A. § 4915.1. **Id.** For the reasons that follow, we agree.

A prior panel of this Court recently summarized **Muniz** as follows:

[O]ur Supreme Court issued its decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), announcing that SORNA registration requirements are tantamount to punishment.

There, [Muniz] was convicted of two counts of indecent assault on February 7, 2007. [Muniz] failed to appear for his May 8, 2007 sentencing hearing, absconding until he was arrested in Rhode Island in September 2014. At the time of his 2007 sentence, "he would have been ordered to register as a sex offender with the Pennsylvania State Police for a period of ten years pursuant to then-effective Megan's Law III." **Muniz**, 164 A.3d at 1193.

At his 2014 sentencing, [Muniz] was subject to SORNA's lifetime registration provisions, which had replaced Megan's Law III during the time he absconded. [Muniz] filed a post-sentence motion seeking the application of Megan's Law III's ten-year registration requirement. The trial court denied his motion. [Muniz] appealed to this Court, challenging the application of SORNA on the basis of the *ex post facto* clauses of the United States and Pennsylvania Constitutions. We affirmed his judgment of sentence.

Our Supreme Court on appeal reversed our decision and vacated the portion of [Muniz's] sentence that required his compliance with SORNA. Five of the six participating justices concluded that, despite the General Assembly's characterization of SORNA's registration provisions as nonpunitive, the provisions constitute punishment. They further concluded that a retroactive application of SORNA's registration provisions violates the *ex post facto* clause of the Pennsylvania Constitution. **See id.** at 1223, 1239 (Wecht, J. concurring). The Court observed that [Muniz's] seven-year absence from the Commonwealth did not affect its decision, because had [Muniz] been sentenced in 2007 and subject to registration under Megan's Law III, his ten-year registration period, under Section 9799.13 of SORNA, would have converted to a lifetime registration when SORNA became effective. **Id.** at 1193 n.3.

In light of our Supreme Court's announcement in **Muniz**, [this Court was] constrained to hold that SORNA's registration requirements [were] no longer merely [] collateral consequence[s], but rather punishment.

**Commonwealth v. Hart**, 174 A.3d 660, 666–667 (Pa. Super. 2017) (footnotes omitted).

In this case, there is no dispute that Appellant completed service of his underlying term of incarceration. He was not on probation or parole at the time the legislature enacted SORNA. Likewise, there is no dispute that SORNA created additional registration requirements for Appellant, including registration of his vehicles with the Commonwealth. In light of **Muniz**, these

additional requirements were not collateral to Appellant's conviction, but constituted additional, retroactive punishment in violation of the *ex post facto* doctrine. Thus, we are constrained to conclude that Appellant was not required to comply with newly imposed registration requirements under SORNA. Hence, because Appellant was not required to register his vehicles with the Commonwealth, the Commonwealth could not subsequently charge him with failing to do so. Accordingly, we vacate the trial court's order denying Appellant relief and discharge Appellant for failing to comply with registration requirements under 18 Pa.C.S.A. § 4915.1.

Order vacated. Appellant discharged. Jurisdiction relinquished.

Judge Mundy did not participate in the consideration or decision of this case.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/18