**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Bereim Lawrence DORM, Appellee.**

Superior Court of Pennsylvania.

Submitted March 2, 2009.

Filed April 21, 2009.

Jennifer L. Russell, Asst. Dist. Atty., York, for the Com., appellant.

Joanne T. Floyd, York, for appellee.

BEFORE: FORD ELLIOTT, P.J., MUSMANNO and COLVILLE*, JJ.

OPINION BY COLVILLE, J.:

¶ 1 The Commonwealth appeals the order granting Bereim Dorm ("Dorm") a new trial. The trial court issued the aforesaid order after finding that confusing jury instructions and an incorrect verdict slip produced an uncertainty as to which offense Dorm was convicted of committing at a certain count, prevented the court from knowing what sentencing provisions applied to Dorm, and/or otherwise resulted in an unfair trial process. As explained more fully *infra*, the Commonwealth claims the court erred because Dorm waived any objection to the jury instructions and because those instructions were correct as a matter of law.[1] We affirm in part, vacate in part and remand for a new trial.

### Background

¶ 2 Dorm was tried for several charges, including statutory sexual assault ("SSA") and involuntary deviate sexual intercourse ("IDSI"). The SSA statute reads, in pertinent part, as follows:

... [A] person commits [SSA] when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and

---

* Retired Senior Judge assigned to the Superior Court.

1. As the Commonwealth claims the trial court committed an error of law in granting a new

trial, this case is an interlocutory appeal as of right. Pa.R.A.P. 311(a)(6). This Court has jurisdiction to decide such appeals. *Commonwealth v. Lindey*, 760 A.2d 416, 418 (Pa.Super.2000).

the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3122.1.

¶ 3 Sexual intercourse includes vaginal, oral and anal sex. 18 Pa.C.S.A. § 3101. Anal sex was not an issue in this case. Thus, in this particular appeal, the SSA under consideration involves vaginal or oral intercourse.

¶ 4 The relevant portion of the IDSI statute is the following:

> (a) **Offense defined.**—A person commits [IDSI] when the person engages in deviate sexual intercourse with a complainant:
>
>   \*   \*   \*   \*   \*   \*
>
> (7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other.

18 Pa.C.S.A. § 3123(a)(7).

¶ 5 Oral and anal sex are each types of deviate sexual intercourse. 18 Pa.C.S.A. § 3101. Once again, the facts of this case did not include anal sex. Therefore, for our purposes, the deviate sexual intercourse at issue was oral.[2]

¶ 6 In summary, as is apparent from the foregoing statutes, SSA and age-based IDSI each require: (1) that the complainant be less than sixteen; (2) that the accused be four or more years older than the complainant; (3) that the two not be married; and (4) that the two engage in prohibited sex. For SSA, the sex at issue was vaginal and oral; for IDSI, the sex was oral.

¶ 7 Initially, the trial court correctly instructed the jury regarding the four elements of SSA. In so doing, the court also rightly indicated SSA could involve vaginal and/or oral sex. Some confusion began to arise, however, when the court then stated, "... [I]n a moment, I'll talk to you about *statutory involuntary deviate sexual intercourse,* which is the oral sex...." N.T., 12/10/07, at 358 (emphasis added). One aspect of the confusion is that, although the court first correctly indicated the SSA count in the information could be supported by proof of vaginal or oral sex, the court then seemed to be suggesting that SSA arising from oral sex might be a separate count. It might be that jurors hearing the instructions believed vaginal or oral sex would support an SSA conviction but it also might be that they thought vaginal intercourse applied to the SSA count while oral intercourse related only to the so-called "statutory involuntary deviate sexual intercourse."

¶ 8 Of course, there is an even more obvious problem. Specifically, there is no Pennsylvania offense named "statutory involuntary deviate sexual intercourse." The text of the court's remarks and the court's later opinion make clear that, when the court used these words, the court was thinking about SSA arising from oral sex. This confusion on the court's part arose, to some extent, because oral sex is, by definition, deviate sexual intercourse. Having this definition in mind, the court used the words "deviate sexual intercourse" to convey the concept of oral sex. Ultimately, then, the court meant SSA by oral sex when it talked of statutory IDSI. In any case, the charge was confusing.

¶ 9 Later in the jury charge, the court instructed the jury on the IDSI count and explained that IDSI consisted of the four elements listed in the statute, *supra.*[3] The

---

2. Additionally, there is no dispute that the victim was less than sixteen, Dorm was four or more years older than her and the two were unmarried. Accordingly, those elements of both SSA and IDSI are not at issue.

3. The IDSI count at issue in this case is the age-based offense which we have already discussed—that is, 18 Pa.C.S.A. § 3123(a)(7). Dorm was also tried on, and the court charged the jury on, one count of force-based

court further explained that the type of sex at issue on this count was oral sex. Also during its charge on the IDSI count, the court several times mentioned SSA and indicated that the elements of IDSI and SSA were the same. At one point, in fact, the court stated that the age-based IDSI count "will essentially correspond" to SSA with oral sex. N.T., 12/10/07, at 364. It thus appears the court, to some extent, blended the offenses of IDSI and SSA.

¶ 10 Whatever confusion might have been in the jurors' minds due to the instructions involving SSA, Statutory IDSI and IDSI, the difficulties in this case were aggravated by the verdict slip. Included on the slip were five charges: kidnapping, rape, SSA, IDSI (force-based), and Statutory IDSI.[4] The last charge, Statutory IDSI, was the problem. Although there is no such crime, the verdict slip and the court's charge certainly seemed to tell the jury there was indeed such a crime. Also, at least to some extent, the court's charge we discussed *supra* indicated the supposed crime of Statutory IDSI was a type of SSA. On the other hand, the court did provide a separate charge, as it should have, for IDSI, although even that charge arguably conflated IDSI and SSA.

¶ 11 The jury returned guilty verdicts on SSA and Statutory IDSI. Prior to imposing sentence, the court recognized various aspects of the confusion arising from the improper verdict slip and, to some extent, from the jury charge. For example, because of the manner in which the verdict slip stated the last count (*i.e.*, "Statutory Involuntary Deviate Sexual Intercourse"),

it was uncertain whether the jurors meant to convict Dorm of age-based IDSI (oral sex) or SSA as a result of oral sex, or whether the jurors did not even realize there was a difference between the offenses. Moreover, this uncertainty was made worse by the jury instructions that seemed to commingle SSA and IDSI.

¶ 12 The court then recognized that the ambiguity as to the crime for which Dorm was convicted posed a substantial practical problem because an age-based IDSI conviction required, at the time relevant to this case, a mandatory minimum prison term of five years, while an SSA conviction did not carry such a mandatory sentence. *See* 42 Pa.C.S.A. § 9718.[5],[6] In short, it was essential for the sentencing court to know the crime for which Dorm was convicted.

¶ 13 In light of the problems it perceived, the court declined to sentence Dorm and entertained a motion for extraordinary relief under Pa.R.Crim.P. 704(B). The motion requested a new trial based on the confusing jury instructions and the improper verdict slip. The court vacated the conviction for Statutory IDSI and granted a new trial on the charges of aged-based IDSI and SSA by oral sex. The Commonwealth then filed this timely appeal.

### Analysis

¶ 14 Herein, the Commonwealth argues the court erred in granting a new trial because Dorm waived any objection to the jury instructions by failing to object to

---

IDSI under 18 Pa.C.S.A. § 3123(a)(1). Dorm was found not guilty of that charge.

4. Dorm was acquitted of kidnapping, rape and, as we already mentioned, force-based IDSI.

5. The minimum penalty is now ten years. *Id.*

6. At one point, there was an additional problem because the Commonwealth was seeking to have Dorm designated as a sexually violent predator ("SVP"), and age-based IDSI is a predicate offense for such designation while SSA is not. *See* 42 Pa.C.S.A. § 9795.1. However, the Commonwealth later withdrew its request for an SVP designation.

them at trial. The Commonwealth also asserts that, to the extent Dorm could have presented his claim to the trial court as being one of ineffectiveness (*i.e.*, ineffectiveness for failing to object to the charge), he failed to do so. The Commonwealth further argues that, in any event, the jury instructions, read as a whole, correctly state the law. According to the Commonwealth, therefore, Dorm could not have established arguable merit to a claim of ineffectiveness even if he had raised such a claim. Finally, the Commonwealth contends counsel's failure to object to the instructions did not prejudice Dorm because the evidence of age-based IDSI was overwhelming.

¶ 15 We agree the failure to lodge an objection to jury instructions before the jury deliberates waives the objection. Pa. R.Crim.P. 647(B). In fact, although the Commonwealth does not mention this point, the failure to object to an improper verdict slip before deliberations also waives any complaint relating thereto. *Commonwealth v. du Pont*, 730 A.2d 970, 984–85 (Pa.Super.1999). Additionally, we agree Dorm did not seek a new trial based on ineffectiveness.

¶ 16 Nevertheless, in large measure, the Commonwealth's contentions on the foregoing points miss the real issue at hand. What happened in this case is that the court, *sua sponte*, determined the confusing instructions and incorrect verdict slip left the court with an indecipherable result as to which offense Dorm was convicted of committing. Therefore, reasoning on its own initiative, the court found that it did not, and could not, know how to proceed with respect to sentencing. Additionally, the court opined that the aforementioned errors produced an inherent unfairness because, while both parties were entitled to have the jury properly instructed on each pending offense, it could not be said that either count—SSA or age-based IDSI—

was in fact presented to the jury correctly. Moreover, the court decided it could not just arbitrarily pick one of those offenses, assigning the guilty verdict to it rather than to the other.

¶ 17 In light of the court's foregoing considerations, it is apparent that the court's grant of a new trial was undertaken *sua sponte* after its own assessment of the muddled state of affairs. Therefore, Dorm's failure to preserve claims is not an issue for us.

¶ 18 We recognize Dorm did in fact file a motion listing issues he had waived, and the order granting a new trial is, by its terms, a response to that motion. However, Dorm filed the motion after the court already determined it would not proceed with sentencing and, moreover, he filed it because the court, upon consultation with the parties, indicated the appropriate way to resolve the difficulties was to have Dorm file the aforesaid motion. In sum, then, the court decided what it was going to do and then advised Dorm to provide the aforesaid motion as the vehicle through which the court could accomplish its predetermined result. Accordingly, what we need to review is not Dorm's waiver of issues but, rather, the propriety of the court's essentially *sua sponte* decision to grant a new trial.

¶ 19 "A trial court has an 'immemorial right to grant a new trial, whenever, in its opinion, the justice of the particular case so requires.'" *Commonwealth v. Powell*, 527 Pa. 288, 590 A.2d 1240, 1242 (1991). Thus, the "interest of justice" is a historically recognized basis for the award of a new trial. *Id.* Moreover, the court may grant a new trial *sua sponte*. *Id.* On appeal, our standard for reviewing such a ruling is abuse of discretion. *Id.* at 1243. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, manifest unreasonableness, misapplication of law, partiality, and/or prejudice.

*Commonwealth v. Hacker,* 959 A.2d 380, 392 (Pa.Super.2008).

¶ 20 The reasons for the trial court's decision in the instant case were its uncertainty as to the crime for which Dorm was convicted, its inability to proceed with sentencing, and its conclusion that a new trial was the correct way to unravel the existing confusion while promoting fairness for both parties. Among these concerns, perhaps the most glaring difficulty was the impossibility of knowing what sentencing provisions applied to Dorm. In light of the court's reasons, we see no evidence of bias, ill will, manifest unreasonableness, misapplication of law, partiality, or prejudice in the court's decision to vacate the conviction for statutory IDSI and order a new trial on age-based IDSI. Phrased differently, in this case where an improper verdict slip listing a non-existent crime followed unclear jury instructions improperly mixing two offenses, and where a guilty verdict existed for that non-existent crime, and, further, where a mandatory penalty would accompany one conviction but not the other, it was not an abuse of discretion for the court to vacate the conviction for the non-existent crime and order a new trial in which proper instructions and a proper verdict slip allow deliberations on the IDSI offense actually lodged against Dorm. Additionally, consistent with our earlier discussion of the relevant law, the court was empowered to act *sua sponte.*

¶ 21 However, the court's order is problematic in that it affords a new trial on SSA arising from oral sex. *See* Order, 05/19/08. Only one count of SSA was lodged against Dorm. He was convicted of one count. To order a new trial in which he is again tried for SSA would be to expose him to convictions for a total of two counts of SSA, one existing from the first trial and one from the new trial. Thus, the court's order effectively adds a count of SSA to the information filed against Dorm. We find that doing so was an abuse of discretion.

¶ 22 For all the foregoing reasons, we affirm the order vacating the conviction for Statutory IDSI and granting a new trial on age-based IDSI. We vacate the portion of the order directing a new trial on "sexual assault by mouth." *See* Order, 05/19/08. We remand for a new trial consistent with this opinion.

¶ 23 Order affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.