J-S16012-18

2018 PA Super 275

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSHUA DENAPOLI :
:
Appellant : No. 950 MDA 2017
:

Appeal from the Order Entered May 9, 2017
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000350-2001,
CP-14-MD-0000170-2017

BEFORE: BOWES, J., MURRAY, J., and PLATT*, J.

OPINION BY BOWES, J.: **FILED OCTOBER 10, 2018**

Joshua DeNapoli appeals from the order denying his petition for a limited

access order pursuant to 18 Pa.C.S. § 9122.1. We affirm.

In 2001, Appellant was arrested and charged with rape and sexual

assault. A jury acquitted him of the rape charge, but a mistrial was declared

as to the sexual assault charge. The Commonwealth filed an amended

criminal information adding a charge of indecent assault, graded as a

misdemeanor of the second degree. In 2002, Appellant entered a plea of *nolo*

*contendre* to the indecent assault charge, and was sentenced to two years

probation. The sexual assault charge was *nolle prossed*.

At the time of Appellant's plea and sentencing, a conviction of indecent

assault did not require registration as a sex offender under Pennsylvania law.

However, in 2011, the Pennsylvania legislature enacted the Sexual Offenders

_____
* Retired Senior Judge assigned to the Superior Court.

Registration and Notification Act ("SORNA"), 42 Pa.C.S. §§ 9799.10-9799.41, effective December 20, 2012, which designated indecent assault as an offense that required registration. In 2016, the Pennsylvania legislature enacted 18 Pa.C.S. § 9122.1, pursuant to which a qualified defendant may petition for a limited access order that would restrict the dissemination of his or her criminal history record information. Relevantly, § 9122.1(b) enumerates certain types of convictions which are ineligible for a limited access order, including offenses designated by SORNA as requiring sex offender registration. *See* § 9122.1(b)(9) ("An order for limited access under this section shall not be granted to an individual who has been convicted at any time of any . . . offense which requires registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders.")).

On January 27, 2017, Appellant filed a petition for an order limiting access to his indecent assault conviction pursuant to § 9122.1. The Commonwealth opposed the petition on the basis that indecent assault is an offense that requires registration under SORNA, and therefore Appellant's conviction is ineligible for a limited access order pursuant to § 9122.1(b)(9). On March 30, 2017, the trial court denied Appellant's petition. Appellant filed a timely motion for reconsideration. The trial court granted reconsideration and held a hearing. The trial court thereafter denied the petition on May 7, 2017. This timely appeal followed.

Appellant raises the following issue for our review:

Whether the trial court erred in denying Appellant's petition for order for limited access pursuant to Pa.R.Crim.P. 791 and 18 Pa.C.S. § 9122.1 since [he] satisfied all of the requirements for such an order, including the requirement that [he] has never at any time been convicted of an offense which requires registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders), and where other similarly situated petitioners were granted limited access relief in the same jurisdiction?

Appellant's brief at 4 (unnecessary capitalization omitted).

Appellant's issue presents a question of first impression. As it involves a matter of statutory interpretation, our scope of review is plenary and our standard of review is *de novo*. **See Commonwealth v. Taylor**, 104 A.3d 479, 486 (Pa. 2014).

Section 9122.1 provides for the entry of an order, under specified circumstances, limiting the dissemination of a particular defendant's criminal history.

**(a) General rule.—** The following shall apply:

**(1)** Notwithstanding any other provision of this chapter, upon petition of a person who has been free of arrest or prosecution following conviction or final release from confinement or supervision, whichever is later, for a period of 10 years, the court of common pleas in the jurisdiction where the conviction occurred may enter an order that criminal history record information maintained by any criminal justice agency pertaining to a conviction for a misdemeanor of the second degree, a misdemeanor of the third degree or an ungraded offense which carries a maximum penalty of no more than two years be disseminated only to a criminal justice agency or a government agency as provided in section 9121(b.1) and (b.2) (relating to general regulations).

**(2)** Except when requested or required by a criminal justice agency, or by and for the official use of a government agency described in section 9121(b.1) or 9124(a) (relating to use of

records by licensing agencies), no individual shall be required nor requested to disclose information about the person's criminal history records that are the subject of a court order for limited access granted under this section.

**(b)** **Exceptions.—** An order for limited access under this section shall not be granted to an individual who has been convicted at any time of any of the following:

. . . .

**(9)** An offense which requires registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

18 Pa.C.S. § 9122.1(a), (b)(9).

Pennsylvania Rule of Criminal Procedure 791, adopted in 2016, delineates the procedures for requesting and entering an order for limited access. Subsections (a)(2)(a)-(k) and (3) set forth the information and documentation which must be included in a petition seeking a limited access order. Subsection (b)(1) provides that, in response to such a petition, the Commonwealth may consent or object to the petition, or do nothing. Subsection (b)(2) provides that the trial court must grant or deny the petition.

Appellant asserts that he is entitled to an order limiting access to his 2002 indecent assault conviction because his conviction was graded as a second-degree misdemeanor and he has been free from arrest or prosecution for more than ten years, as required by § 9122.1(a)(1). Appellant points out that, at the time of his plea and sentencing in 2002, his indecent assault conviction did not require registration as a sexual offender. Appellant argues that indecent assault did not become an offense requiring registration until

after he had completed his probationary sentence. Since he has never been convicted of a crime that, at the time of conviction, required him to register as a sexual offender, Appellant contends that his 2002 indecent assault conviction is eligible for a limited access order. Appellant asserts that application of § 9122.1(b)(9) to his 2002 conviction is prohibited by *Commonwealth v. Richardson*, 784 A.2d 126 (Pa.Super. 2001) (holding that the registration requirement under Megan's Law I did not apply to a sexual offender who previously served the full sentence for his sex offense by the date of the statute's enactment), and *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017) (concluding that a retroactive application of SORNA's registration provisions violates the *ex post facto* clause of the Pennsylvania Constitution).

Appellant further claims that because the word "requires," as used in § 9122.1(b)(9), is "conjugated in present indicative," it should be construed to mean only offenses which required registration on the date of conviction. Appellant's brief at 10, 19. While Appellant recognizes that subsection (b)(9) broadly applies "to an individual who has been convicted **at any time**," he argues that this phrase "is used as a modifying subordinate clause of the word 'individual,' meaning [Appellant]." Appellant's brief at 18. According to Appellant, "the phrase 'which requires registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders)' is a second modifying subordinate clause of the word[s] 'an offense' that relates to the 'individual;'

- 5 -

namely [Appellant]." Appellant's brief at 19. Appellant avers that the trial court erred by considering the current version of SORNA without giving consideration to Appellant, as the "individual." *Id*. Finally, Appellant argues that § 9122.1 should be categorized as a penal statute, and that the rule of lenity should apply to its interpretation. *Id*. at 19-21. In support, he points out that § 9122.1 appears in the Crimes Code, and the process for obtaining a limited access order is governed by Rule 791 of the Rules of Criminal Procedure. *Id*. at 20.

We first consider Appellant's claim that § 9122.1 is penal in nature. Notably, Appellant cites no relevant case law supporting his bald assertion that the statute is punitive. Instead, he merely cites ***Richardson*** and ***Muniz*** for the proposition that retroactive application of SORNA's registration requirements violates the *ex post facto* laws of the Pennsylvania Constitution.

Here, we are not dealing with SORNA or the retroactive application of its registration requirements. Appellant was not required to register as a sex offender under SORNA at the time of his 2002 indecent assault conviction, nor is he retroactively required to do so now. Thus, ***Richardson*** and ***Muniz*** are inapposite. Simply because § 9122.1 **refers** to SORNA in order to identify certain convictions which the General Assembly has deemed ineligible for a limited access order does not, *ipso facto*, render SORNA applicable to Appellant's conviction. Appellant's suggestion otherwise is meritless.

Moreover, our Supreme Court has explained that a limited access relief is "closely related" and "similar" to expungement relief, which is civil in nature:

> Act [5 of 2016] originated from a proposal for an expansion of the current expungement statute to cover second and third degree misdemeanors but was subsequently modified to introduce a new concept, a petition for limited access. The Act added new Section 9122.1 to the Crimes Code, 18 Pa.C.S. § 9122.1, that provides that a qualified defendant may petition for an order that would allow only certain entities access to criminal history record information, primarily criminal justice or other government agencies. The offenses in question are, with certain exceptions, misdemeanors of the second and third degree and ungraded offenses carrying a maximum penalty of no more than two years.
>
> . . . .
>
> Because the Act requires a petition to be filed with the court and subsequent order to be produced, there was a need for procedural rules implementing the Act. Given the history of the Act, the Committee concluded that the concept of limiting access to a conviction record is closely related to expungement and that the procedures should be similar. The procedures for obtaining a limited access order contained in new Rule 791 are derived from the court case expungement procedures in Rule 790. These new procedures are in a separate rule rather than an addition to the expungement rule since the nature and purpose of this procedure is different from expungement and placing it in the same rule as expungement procedures might have led to confusion. . . .

*In re: order Adopting New Rule 791*, 2016 Pa. LEXIS 2542, at *25 (Pa. 2016).

Thus, limited access relief was originally intended to be an expansion of expungement relief, but now exists as a "closely related" parallel form of relief. Notably, despite the fact that expungement relief is provided by a criminal statute, 18 Pa.C.S. § 9122, and the procedure for obtaining expungement relief is governed by Rule 790 of Pennsylvania Rules of Criminal Procedure,

- 7 -

"an expungement hearing is not a criminal proceeding and the relief sought is civil in nature." *Commonwealth v. Moto*, 23 A.3d 989, 997 (Pa. 2011) (citing *Commonwealth v. Bailey*, 419 A.2d 1351, 1352 (Pa.Super. 1980) ("Although a petition to expunge finds its genesis in criminal charges against the petitioner, the relief requested is, in essence, civil in nature . . .")). Under our statutory scheme, we believe the same rationale extends to limited access orders. Moreover, penal statutes are statutes that define criminal offenses and specify their corresponding fines and punishment. *See Commonwealth v. Henderson*, 663 A.2d 728, 733 (Pa.Super. 1995). Section 9122.1 does neither. Rather, it offers a form of civil relief to qualified individuals under a narrow set of circumstances. Thus, we conclude that the prospect of limited access relief provided by § 9122.1, and the procedure for seeking a limited access order governed by Rule 791 of Pennsylvania Rules of Criminal Procedure, are civil, rather than penal, in nature.

We next look to the specific provisions of § 9122.1. When interpreting statutory provisions, we aim to ascertain and effectuate the intent of the General Assembly. 1 Pa.C.S. § 1921(a). The best indication of the General Assembly's intent may be found in the plain language of the statute. *Commonwealth v. Wright*, 14 A.3d 798, 814 (Pa. 2011). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). We will only look beyond the plain language of the statute when words are unclear

or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." *Id*. at § 1922(1). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning. ***Commonwealth v. Hall***, 80 A.3d 1204, 1211 (Pa. 2013).

Here, the statutory language of § 9122.1 is explicit and must be construed as written. The statute embraces two distinct approaches to limited access relief: situations where limited access to criminal history is possible in the discretion of the trial court, and situations where a limited access order cannot be granted under any circumstances. Subsection (a)(1) describes situations where access to criminal record history **may** be limited in the discretion of the trial court. 18 Pa.C.S. § 9122.1(a)(1) ("upon petition of a person who has been free of arrest or prosecution . . . for a period of 10 years, the court . . . may enter an order that criminal history record information . . . be disseminated only to a criminal justice agency or a government agency"). Contrarily, subsection (b) describes situations where limited access to criminal history records can **never** be granted. ***See id***. at (b) ("An order for limited access under this section shall not be granted to an individual who has been convicted at any time of any of the following . . .").

Notably, subsection (b)(9) focuses upon whether the petitioner has been previously convicted "at any time" of any of the crimes requiring sexual offender registration under Chapter 97, subchapter H of the Crimes Code,

Registration of Sexual Offenders (§§ 9791-9799.42). The operative words of subsection (b) are "at any time," and in analyzing these words, we must construe them according to their common usage. *See Commonwealth v. Morris*, 958 A.2d 569, 579 (Pa.Super. 2008) (concluding that the phrase "at any time" was unambiguous); *see also Commonwealth v. Thompson*, 106 A.3d 742, 761 (Pa.Super. 2014) (same).

Notwithstanding the inclusion of the phrase "at any time," Appellant asks us to construe Section 9122.1(b) in a manner which limits application of subsection (b)(9) to those offenses for which the offender was actually required to register upon conviction. We decline to do so. Subsection (b)(9) does not limit the application of subsection (b)(9) to only those petitioners who have, in fact, been required to register as a sexual offender. Nor does it make any distinction between convictions that took place prior to or after its enactment in 2016. Rather, the plain and unambiguous language of subsection (b)(9) requires only that the trial court determine whether the petition relates to a conviction designated as requiring sexual offender registration under Chapter 97, subchapter H of the Crimes Code. We are bound by the language of the statute, and cannot insert additional requirements that the legislature has not included. *See Thompson*, *supra* at 761.

In the instant matter, Appellant entered a plea of *nolo contendre* in 2002 to indecent assault, graded as a second-degree misdemeanor.[1]  When Appellant filed his petition for a limited access order in 2017, indecent assault, graded as a second-degree misdemeanor, was (and continues to be) considered an offense requiring sexual offender registration under SORNA.[2]  Thus, the trial court properly determined that Appellant's 2002 conviction of indecent assault is ineligible for a limited access order pursuant to § 9122.1(b)(9).  Accordingly, we find no error in the trial court's denial of Appellant's petition for a limited access order.

Order affirmed.

----

[1] Notably, at the time Appellant pled *nolo contendre* to indecent assault in 2002, § 9122.1 had not been enacted, and Pennsylvania law did not provide for limited access relief.  Additionally, at the time of his 2002 conviction, Appellant was ineligible for expungement relief under § 9122, as the General Assembly had expressly prohibited courts from expunging convictions for indecent assault.  **See** 18 Pa.C.S. § 9122(b.1) (2002); Act 1997-5 (H.B. 149), P.L. 73, § 4, approved Apr. 22, 1997, eff. in 60 days).

[2] Under SORNA, indecent assault, graded as a second-degree misdemeanor, is a Tier I offense pursuant to 42 Pa.C.S. § 9799.14(b)(6).  Under section 9799.15(a)(1), an individual convicted of a Tier I offense is required to register as a sexual offender for a period of fifteen years.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2018