J-S36043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERONAMI PAUL KATTUPALLI | : | |
| | : | |
| Appellant | : | No. 1878 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 23, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0001252-2016

BEFORE: PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.: **FILED AUGUST 05, 2019**

Geronami Paul Kattupalli (Kattupalli) appeals from the judgment of sentence imposed by the Court of Common Pleas of Centre County (trial court) following his jury conviction of violation of the Radiation Protection Act, 35 P.S. §§ 7110.101- 7110.703 (Act).[1] We affirm.

---

[1] 35 P.S. § 7110.308, which provides as follows:

> **(a) Summary offense**.--Any person, other than a municipal official exercising his official duties, who violates any provisions of this act or any rules or regulations or order promulgated or issued hereunder commits a summary offense and shall, upon conviction, be sentenced to pay a fine not less than $100 and not more than $1,000 for each separate offense and in default thereof shall be imprisoned for a term of not more than 30 days. All summary proceedings under this act may be brought before any district justice or magistrate in the county where the offense was committed and to that end jurisdiction is hereby conferred upon

---

\* Retired Senior Judge assigned to the Superior Court.

Kattupalli is a physician and owned and operated a clinic called Dr. Paul's Clinic. His conviction stems from directing his then medical assistant, Chelsey Brown, to perform X-rays on patients even though she is not a licensed X-ray technician. The trial court sentenced Kattupalli to pay a fine in the amount of $32,500.00 and the costs of prosecution. After the trial court denied his post-sentence motion, Kattupalli timely appealed. Kattupalli and the trial court complied with Rule 1925. *See* Pa.R.A.P. 1925(a)-(b).

---

district justices and magistrates, subject to appeal by either party in the manner provided by law.

**(b) Misdemeanor**.--Any person, other than a municipal official exercising his official duties, who violates any provision of this act or any rule or regulation or order promulgated or issued hereunder, within two years after having been convicted of any summary offense under this act, commits a misdemeanor of the third degree and shall, upon conviction, be sentenced to pay a fine of not less than $1,000 but not more than $25,000 for each separate offense or imprisonment in the county jail for a period of not more than one year, or both.

**(c) Felony**.--Any person who intentionally, knowingly or recklessly violates any provision of this act, or any rule or regulation or order of the department or any term or condition of any permit, and whose acts or omissions cause or create the possibility of a public nuisance or bodily harm to any person, commits a felony of the second degree and shall, upon conviction, be sentenced to pay a fine of not less than $2,500 but not more than $100,000 per day for each violation, or to a term of imprisonment of not less than one year but not more than ten years, or both.

**I.**

Kattupalli first contends that the trial court erred in failing to rule that Section 7110.308(c) of the Act is unconstitutional because it is void for vagueness because it does not define the criminal offense in a way that ordinary people can determine what conduct is prohibited. (*See* Kattupalli's Brief, at 14-20).[2] First, he alleges that the felony section sets forth that a defendant must "intentionally, knowingly, or recklessly" violate any provision of the Act that somehow makes the summary *mens rea* for the summary the same as the felony provision. He then contends that because the *mens rea* is the same, whether a person is prosecuted for a felony or summary offense, is left completely to the discretion of the prosecuting agency, leading to arbitrary enforcement. (*See id.*).

Preliminarily, we note the "general proposition that issues regarding [t]he constitutionality of a statute can be waived." *Commonwealth v. Lawrence*, 99 A.3d 116, 122 (Pa. Super. 2014), *appeal denied*, 114 A.3d 416 (Pa. 2015) (citation omitted). "An appellate court should not address constitutional issues unnecessarily or when they are not properly presented

---

[2] "The constitutionality of a statute presents a question of law and this Court's review is plenary. A statute duly enacted by the General Assembly is presumed valid and will not be declared unconstitutional unless it clearly, palpably and plainly violates the Constitution. Accordingly, any party seeking to overcome that presumption of validity bears a heavy burden of persuasion." *J. & S.O. v. C.H.*, 206 A.3d 1171, 1174 (Pa. Super. 2019) (citations omitted).

and preserved in the trial court for our appellate review." ***Commonwealth v. Berryman***, 649 A.2d 961, 973 (Pa. Super. 1994), *appeal denied*, 663 A.2d 685 (Pa. 2005) (citation omitted). This Court cannot consider an appellant's constitutional arguments where he failed to raise them in pre-trial filings or during trial. ***See Commonwealth v. Danko***, 421 A.2d 1165, 1167 (Pa. Super. 1980).

Instantly, Kattupalli's pre-trial memorandum does not raise any challenge to the Act and does not refer to the statutory provision at issue at all. (***See*** Defendant's Pretrial Memorandum, 3/14/18, at 1). Although Kattupalli made an oral motion to dismiss on the first day of trial, he argued only that there was a constitutional due process violation because the term "bodily harm" lacked a working definition. (N.T. Trial, 3/19/18, at 7). Therefore, we may not consider Kattupalli's remaining constitutional arguments which he did not raise in a pre-trial motion or at trial because they are waived. ***See Danko***, ***supra*** at 1167.

Kattupalli also maintains that Section 7110.308(c) is void for vagueness because the terms "bodily harm" and "public nuisance" are not defined in the Act. (***See id.*** at 16-17). We note, "[t]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." ***Commonwealth v. Mayfield***, 832 A.2d 418, 422 (Pa. 2003)

(citation omitted). "[A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law." *Id.* (citation omitted). "Due process is satisfied if the statute provides reasonable standards by which a person may gauge his future conduct." *Id.* (citation omitted). "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Id.* (citation omitted). Additionally, "when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning." *Commonwealth v. DeNapoli*, 197 A.3d 771, 776 (Pa. Super. 2018), *appeal denied*, 206 A.3d 495 (Pa. 2019) (citation omitted).

Instantly, we agree with the Commonwealth that the term "bodily harm" is generally familiar and can be assigned its plain and ordinary meaning, *i.e.*, that a patient's body suffers a harm such as a physical ailment or injury. (**See** Commonwealth's Brief, at 16). We cannot conclude that the term is "so vague that men of common intelligence must necessarily guess at its meaning[.]" *Mayfield*, *supra* at 422. Thus, Kattupalli has not met his heavy burden of demonstrating that Section 7110.308(c) of the Act is unconstitutional. **See** *J. & S.O.*, *supra* at 1174.

**II.**

Citing to the United States Supreme Court's decision in ***McCoy v. Louisiana***, 138 S.Ct. 1500 (2018), Kattupalli next claims trial court error in the denial of his request for a new trial because trial counsel admitted Kattupalli's guilt in front of the jury without his consent.

In ***McCoy***, the defendant's counsel conceded that his client committed three murders during the guilt phase of a capital trial, despite the defendant's strong objection to any admission of guilt. ***See id.*** at 1505. The ***McCoy*** Court held that criminal defendants have a Sixth Amendment right "to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." ***Id.***[3]

In contrast, in the instant case, a review of the record reflects that defense counsel **did not** admit Kattupalli's guilt. Instead, counsel expressly stated "no crime was committed, and I am going to ask you to find Mr. Kattupalli not guilty[.]" (N.T. Trial, 3/19/18, at 38). Although counsel did concede that his client was "not compliant with the regulations[,]" counsel qualified that admission by explaining that "this should be a case where Dr.

---

[3] The ***McCoy*** Court explained that counsel's admission of a client's guilt over the client's express objection is a structural error requiring a new trial. ***See McCoy***, ***supra*** at 1512. Kattupalli's issue, therefore, poses a pure question of law, to which we apply a *de novo* standard of review. ***See Commonwealth v. Tejada***, 188 A.3d 1288, 1292–93 (Pa. Super. 2018).

Kattupalli receives a fine, not a criminal action[.]" (**Id.** at 38-39). Counsel

further explained that regulatory noncompliance should "not lead to criminal

charges and certainly not a criminal conviction," and that "the

Commonwealth's case absolutely fails[.]" (**Id.** at 47-48). Thus, Kattupalli's

claim that counsel admitted his guilt at trial is belied by the record, which

clearly shows that counsel instead repeatedly argued that criminal charges

should never have been brought in this case.

## III.

Kattupalli's final two issues challenge the propriety of the trial court's

jury instructions.[4] He first asserts that the court erred in failing to define two

terms included in the Act, *i.e.*, "public nuisance" and "bodily harm." (**See**

Kattupalli's Brief, at 22-23). Kattupalli also contends that the court erred in

failing to make clear to the jury in either its oral instruction or the verdict slip

that it was required to unanimously find that Kattupalli's conduct constituted

either a "public nuisance" or a "bodily harm." (**Id.** at 24-25).

It is well-settled that "[a] specific and timely objection must be made to

preserve a challenge to a particular jury instruction. Failure to do so results

in waiver." **Commonwealth v. Proctor**, 156 A.3d 261, 270 (Pa. Super.

---

[4] "[W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. . . . Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error." **Commonwealth v. Johnson**, 192 A.3d 1149, 1153 (Pa. Super. 2018), *appeal denied*, 200 A.3d 440 (Pa. 2019) (citation omitted).

2017), *appeal denied*, 172 A.3d 592 (Pa. 2017) (citation omitted); ***see also*** Pa.R.Crim.P. 647(C) ("No portions of the [jury] charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate."). Likewise, "the failure to object to an improper verdict slip before deliberations also waives any complaint relating thereto." ***Commonwealth v. Dorm***, 971 A.2d 1284, 1288 (Pa. Super. 2009) (citation omitted).

Here, the record reflects that defense counsel did not lodge a contemporaneous objection to the trial court's instruction on the elements of the crime. (***See*** N.T. Trial, 3/20/18, at 185). Further, after the court issued the charge, defense counsel expressly stated: "Judge, I have no objection to the charge." (***Id.*** at 194). Thus, Kattupalli's challenge to the trial court's instructions fails.

To the extent that Kattupalli claims error with regard to the verdict slip, we agree with the Commonwealth that such argument is also waived. In his appellate brief, Kattupalli fails to identify where in the record this contention is preserved, and the portions of the record that he does reference do not show any objection to the verdict slip. ***See*** Pa.R.A.P. 2119(c), 2101; (***see also*** Kattupalli's Brief, at 24). This is especially problematic in light of the Commonwealth's contention that Kattupalli never objected to the verdict slip, as well as the trial court's observation that defense counsel did not seek to add any specific question regarding the two alternatives to the verdict slip.

(**See** Commonwealth's Brief, at 5; 24-25; Trial Court Opinion, 10/16/18, at 6). In fact, the proposed verdict slip submitted by defense counsel prior to trial is nearly identical to the verdict slip actually used by the trial court. (**See** Defendant's Pretrial Memorandum, 3/14/18, Exhibit A; Verdict Slip, 3/21/18). Therefore, Kattupalli's final issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2019