**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2609
_____

ISAIAH RANSOME,
                                        Appellant

v.

DIANA LOUISE ANHALT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-00685)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 13, 2020

Before: CHAGARES, Chief Judge, PHIPPS and COWEN, Circuit Judges

(Opinion filed: March 30, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Isaiah Ransome, an inmate proceeding pro se, initiated an action against Judge Diana Louise Anhalt[1] by filing a document entitled "Bill in Equity" in the District Court.[2] Though it is difficult to discern exactly what Ransome is alleging, he requests in the filing that Judge Anhalt "immediately carry out her fiduciary duties which are; i) to extinguish all of the charges in the trust property, ii) to release the surety/Isaiah Ransome, and to iii) provide the beneficiary with a full accounting of the private trust property/account." He also asked that the docket in his criminal case in the Philadelphia Court of Common Pleas "be permanently and forever sealed from the public." The District Court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915A(b)(1), noting that the judge is absolutely immune from claims that are based on acts taken in her judicial capacity and that some of Ransome's claims (especially those which seek release from prison) are more appropriately brought in a petition for habeas corpus. This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291 and review de novo the District Court's dismissal of the complaint as legally frivolous. See Dooley v. Wetzel, 957 F.3d 366, 373-74 (3d Cir. 2020). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

---

[1] Ransome's filing refers to a "private trust property . . . account #CP-51-CR-0005859-2007," which is the docket number for his criminal case in the Philadelphia Court of Common Pleas. According to the publicly available docket, Judge Anhalt presided over the PCRA proceedings.

[2] Because we write primarily for the benefit of the parties, we will recite only the facts necessary for the discussion.

We agree with the District Court that Ransome's complaint is frivolous.[3]  Though Ransome requested that his criminal case be sealed, the sealing of criminal records is governed by state statute.  See 18 Pa. Cons. Stat. § 9122.1; Commonwealth v. DeNapoli, 197 A.3d 771, 775 (Pa. Super. Ct. 2018).  Moreover, there is no basis for treating Ransome's criminal record or docket as property or a trust, or the judge as a trustee.  The documents attached to the complaint, in which Ransome attempted to "appoint" the judge as a trustee of his "case/account" and then order her to release him from prison, are nonsensical, and there is no indication that the judge treated them as anything but that. The complaint is "clearly baseless" and "indisputably meritless."  Neitzke, 490 U.S. at 327-28.

Accordingly, we will affirm the judgment of the District Court.

---

[3] Because the complaint was unclear, the District Court reasonably believed that Ransome intended to raise a civil rights claim against the judge under 42 U.S.C. § 1983 and a challenge to his conviction, which is best brought in a petition for habeas corpus. However, Ransome made clear on appeal that his complaint was neither "an attempt . . . to seek the overturning of a criminal conviction [nor] an attempt to file a tort claim against the judge."